IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JEREME LEE ESCOBEDO | § | |
| v. | § | CIVIL ACTION NO. 5:04cv224 |
| CHEQUITA CLEMENTS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jereme Escobedo, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Escobedo complained that he was being denied indigent supplies, including paper, carbon paper, and envelopes, as well as access to law books. On September 9, 2005, the Defendants filed a motion for judgment on the pleadings. This motion asserted that Escobedo had failed to show any specific harm as a result of allegedly being denied access to court. The Defendants noted that Escobedo had been able to file numerous motions in this case, and that no allegations at all had been made against two of the Defendants, Sharp and Propps.

Escobedo did not file a response to the motion, but instead filed a "motion to continue discovery" on September 15, 2005. As the Magistrate Judge observed, the Defendants filed a notice of disclosure on January 14, 2005, and under the discovery plan in effect for this case, Escobedo was limited to disclosure; no interrogatories, requests for admission, or production of documents outside of those covered by the disclosure requirements were allowed. To the extent that he sought such discovery, his request was without merit.

On December 6, 2005, after affording Escobedo ample time to respond to the motion for judgment on the pleadings, the Magistrate Judge issued a Report recommending that the Defendants' motion be granted and that the lawsuit be dismissed with prejudice. The Magistrate Judge observed that under Supreme Court and Fifth Circuit precedent, inmates claiming that they have been denied access to court must show actual injury resulting from this denial. The Supreme Court provided some examples of actual injury, as follows:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 116 S.Ct. 2174, 21780 (1996); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

In this case, as the Magistrate Judge said, Escobedo did not show any actual harm at all as a result of the alleged denial of access to court. In the present case, Escobedo has filed: (1) an original complaint, (2) a motion for leave to proceed *in forma pauperis*, (3) a motion for default judgment, (4) a notice of disclosure and response to the Defendants' notice of disclosure, (5) an affidavit in support of his claims, (6) a motion for leave to amend his complaint, (7) a request that the Court take judicial notice, (8) a motion asking that the Telford Unit produce legal forms and mail legal letters, (9) a motion for appointment of counsel, (10) a second request for judicial notice, (11) a motion to continue discovery, (12) a motion for extension of time to file objections, and (13) objections to the Report of the Magistrate Judge. As the Magistrate Judge concluded, Escobedo has plainly had ample opportunity to present his claims to the Court. *See* Mann, 796 F.2d at 84 (observing that "Mann himself proved in an irrefutable way that he was able to file a legally sufficient complaint: by doing so.")

The Magistrate Judge next turned to Escobedo's contention that he was denied access to legal materials such as pens, paper, and law books. In his grievances, Mann gave the number of letters he was able to mail out as "over 10" (in his Step One grievance) and "over 12" in his Step

Two grievance. As the Magistrate Judge stated, the courts have held that the right of access to legal materials is simply an offshoot of the right of access to court. Mann, 796 F.2d at 83. To the extent that Escobedo complained that he was being denied legal materials with which to access to courts, the Magistrate Judge determined that this claim was without merit.

Escobedo also asserted that he was denied correspondence privileges with his family. The Magistrate Judge stated that Escobedo failed to show that he was unable to send letters to his family on any particular occasion, and that in fact, his grievances revealed that he was able to send out a large number of letters. Although he complained that Clements, the law library supervisor, instituted a policy requiring indigent inmates to use all 25 of their allotted sheets of paper before they could get any more, the Magistrate Judge concluded that Escobedo had failed to show what was unreasonable about such a policy.

Escobedo also complained that he had been the victim of retaliation. The Magistrate Judge accurately set out the law governing retaliation claims and determined that Escobedo had failed to set out a viable retaliation claim. Specifically, the Magistrate Judge observed that under Fifth Circuit precedent, a prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988); Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988). The elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). If the inmate is unable to point to a specific constitutional right that was violated, the retaliation claim will fail. Jones v. Greninger, 188 F.3d 322, 325-26 (5th Cir. 1999).

In applying these standards to the fact, the Magistrate Judge concluded that Escobedo "wholly failed" to set out the elements of a claim of retaliation. Escobedo simply alleges, in a conclusory fashion, that after he filed a grievance, he was denied law books and legal materials; however, as the Magistrate Judge pointed out, Escobedo offered no specific facts in support of this claim, nor did he make any showing of when he was denied such materials. In addition, Escobedo did not show that a specific constitutional right was violated through the alleged retaliation.

Furthermore, the Magistrate Judge said, Escobedo failed to show that but for the alleged retaliatory motive, the action complained of would not have occurred. Instead, he simply contended that he filed a grievance, and then at some unknown date in the future, he was denied legal materials. The Fifth Circuit has noted that to state a claim of retaliation for the exercise of a constitutional right, the inmate must allege a violation of a specific constitutional right and to be prepared to establish that but for the alleged retaliatory motive, the incident complained of would not have occurred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The Court observed that this requirement places a heavy burden upon inmates, because mere conclusory allegations will not suffice. Instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. Woods, 60 F.3d at 1166.

In this case, the Magistrate Judge stated, Escobedo wholly failed to set out a chronology of events from which retaliation may plausibly be inferred. Instead, he simply said that he filed a grievance and that subsequently, actions were taken which were not to his liking. The Magistrate Judge determined that Escobedo showed no connection whatsoever between the grievance which he filed and the subsequent action taken, except for the bare fact that one preceded the other in time. As the Magistrate Judge said, the Fifth Circuit has observed that the mere fact that one incident precedes another is not proof of a causal connection; this is the logical fallacy of post hoc ergo propter hoc (after this, therefore on account of this). *See* Tampa Times Co. v. National Labor Relations Board, 193 F.2d 582 (5th Cir. 1952) (post hoc ergo propter hoc is not sound logic).

4

Escobedo's claims of retaliation are based on this fallacy and thus insufficient to state a constitutional claim. *See* Moody, 857 F.2d at 258.

Were this not the rule, the Magistrate Judge said, Escobedo could file a grievance and then claim that anything done by prison officials which he considered to be adverse was done in retaliation for this grievance. *See* Woods v. Smith, 60 F.3d 1161 (claims of retaliation should be "regarded with skepticism" and must be "carefully scrutinized" to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves"); *accord*, Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990).

The Magistrate Judge cited other Fifth Circuit decisions confirming this conclusion, including Henderson v. Eason, 37 Fed.Appx. 92 (5th Cir., May 17, 2002) (not selected for publication in the Federal Reporter) (citing Jones v. Greninger and stating that the plaintiff "has not produced evidence of a retaliatory motive, nor has he established a chronology of events from which retaliation by [the defendants] can be plausibly inferred ... [the plaintiff's] personal beliefs and conclusional allegations are insufficient to establish a claim for retaliation"); Blanton v. Stacks, 136 Fed.Appx. 715 (5th Cir, June 29, 2005) (not selected for publication in the Federal Reporter) (citing Jones v. Greninger and Johnson v. Rodriguez and stating that "the plaintiff has not alleged a series of events from which a plausible retaliation claim could be gleaned, nor has he offered evidence of a direct retaliatory motive ... Rather, his retaliation claims are based on his own personal beliefs and conclusional assertions, which are insufficient to raise a viable retaliation claim.") Because the same situation exists in the present case, the Magistrate Judge recommended that Escobedo's claims be dismissed.

Next, the Magistrate Judge noted that Escobedo did not mention the Defendant Tammy Sharp in the text of his complaint at all, but simply said, in the list of defendants, that Sharp had "denied me indigent supply, access to court, retaliated after complaint." The only claim made against Officer Propps was that Clements used Propps to retaliate and to write a "bogus disciplinary case," but Escobedo did not give the date of this case, the factual circumstances of the case, nor

anything showing that the disciplinary case was retaliatory in nature. Furthermore, as the Magistrate Judge said, Escobedo did not even state whether or not he was convicted on this disciplinary case, much less what punishment was imposed. Finally, the Magistrate Judge concluded that the Defendants were entitled to the defense of qualified immunity.

Escobedo filed objections to the Magistrate Judge's Report on January 31, 2006. In his objections, Escobedo says that he has pleaded facts and that the Magistrate Judge is violating his rights under the Seventh Amendment by overlooking them. He says that the Magistrate Judge's actions are "extrinsic fraud" under state law and talks about the importance of the right to trial by jury in American law.

Next, Escobedo says that he was forced to "use used envelopes" and argues that "proper discovery" would sustain his retaliation claims and show that the Defendants violated TDCJ-CID policy. He says that the disciplinary case written against him was fabricated and that the Defendants' actions waived their claim to immunity.

Escobedo says that his sworn pleadings, which were "studiously avoided," show that he was limited to five stamps per week, when he was supposed to have unlimited stamps for legal mail; he was denied correspondence with his daughter on her birthday; a state habeas corpus petition was returned to him; he could not file for visitation rights to his daughter; he was denied an IFP trust fund printout; and he was denied issuance of paper to plead this case until another inmate gave him some. He attaches an undated affidavit from an inmate named Nathan Kyles complaining that he, Kyles, has not received adequate indigent supplies at the Telford Unit, and a purported newsletter from the "Coalition for Prisoners' Rights" saying that an inmate named Carlos Armerta filed a lawsuit complaining about denial of access to legal materials at the Telford Unit. None of these matters were addressed in any of Escobedo's prior pleadings.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), citing United States v. Armstrong, 951 F.2d 626, 630 (5th Cir.

1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  These new claims by Escobedo, raised for the first time in his objections, are not properly before the Court.

This conclusion is buttressed by the fact that Escobedo has had ample opportunity to raise all of these claims in a timely manner.  As noted above, he has filed numerous pleadings in this case, none of which raise these issues.  The Magistrate Judge observed that "Escobedo was alerted to the legal theory underlying the Defendants' challenge, giving him an opportunity to respond by opposing the motion for judgment on the pleadings on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action.  *See* Neitzke v. Williams, 490 U.S. 319, 329-30 (1989).   Nonetheless, he did not do so."

Even were the Court to consider Escobedo's claims, raised for the first time in his objections to the Magistrate Judge's Report, it is clear that these claims are simply conclusory allegations, with no underpinning of specific facts.  For example, the entirety of Escobedo's claim concerning correspondence with his daughter reads as follows: "Documentation shown correspondence with Plaintiff's daughter on her birthday was denied postage, violation 14-B companionship rights, for full year."

As the Magistrate Judge pointed out, the Fifth Circuit has held that civil rights claimants must state specific facts, not conclusory allegations.  Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); *see also* Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions).  Escobedo's objections, even were the Court to consider the issues raised for the first time therein, are conclusory and cannot support Section 1983 liability.

Although Escobedo complains that he has been denied discovery, despite the fact that disclosure was effected in January of 2005, he has not shown what additional information he sought

to discover which could have supported his case.[1]  More pertinently, the deficiency in Escobedo's case was one of pleading, not of proof.   He has not shown that discovery was required in order to plead in conformity with the Federal Rules of Civil Procedure; the Fifth Circuit has held that prison inmates are not permitted to raise a general claim in conclusory fashion and then make a blind search of all prison records to see if facts in support of the claim can be found.  Whittington v. Lynaugh, 842 F.2d at 820.  This is precisely what Escobedo sought to do.  His objections to the Magistrate Judge's Report on this ground are without merit.

Escobedo's contention that he has pleaded specific facts is belied by a review of his pleadings.  His claims that the rights under the Seventh Amendment are being violated and that the Magistrate Judge committed "extrinsic fraud" are patently without merit.  Nor has Escobedo shown that the Defendants' claim to qualified immunity was "waived."  His objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original and amended complaints, the motion for judgment on the pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendants' motion for judgment on the pleadings is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice.  Finally, it is hereby

---

[1] As noted above, the discovery which Escobedo apparently sought - interrogatories and requests for production of documents - was not available in this case under the terms of the discovery plan in the case in any event.

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 23rd day of February, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE